Suzanne L. Martin
Nevada Bar No. 8833
suzanne.martin@ogletreedeakins.com
Courtney K. Lee
Nevada Bar No. 8154
courtney.lee@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W. Charleston Blvd.
Suite 500
Las Vegas, NV  89135
Telephone:  702.369.6800
Fax:  702.369.6888

*Attorneys for Defendant Clearwater Paper Corporation*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID TAAVAO, an individual,<br><br>             Plaintiff,<br><br>     vs.<br><br>CLEARWATER PAPER CORPORATION, a Delaware corporation; CLEARWATER PAPER LAS VEGAS, LLC, a Delaware Limited Liability Company,<br><br>             Defendants. | Case No.: 2:25-cv-00155-RFB-EJY<br><br>~~[PROPOSED]~~ **STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER SUBMITTED IN COMPLIANCE WITH FED. R. CIV. P. 26 (f) AND L.R. 26-1(b)**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiff David Taavao ("Plaintiff") and Defendant Clearwater Paper Corporation[1] ("Defendant"), by and through their respective attorneys of record, hereby submit this Stipulated Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(f) and Local Rule ("LR") 26-1(b).

/ / /

---

[1] On or about April 22, 2025, Plaintiff filed a Notice of Voluntary Dismissal of Defendant Clearwater Paper Las Vegas, LLC (ECF No. 6). Accordingly, only Defendant Clearwater Paper Corporation remains as a named defendant. Defendant Clearwater Paper Las Vegas, LLC, will remain on the caption until the Court enters the dismissal and/or authorizes revision of the caption (if any).

I.   **Procedural History**

Plaintiff filed his Complaint in state court on January 24, 2025. (ECF No. 1).

Plaintiff filed a Notice of Voluntary Dismissal of Defendant Clearwater Paper Las Vegas, LLC on April 22, 2025. (ECF No. 6).

Defendant Clearwater Paper Corporation ("Clearwater") filed its Answer to Complaint on April 25, 2025. (ECF No. 7).

On May 2, 2025, the Court Ordered and Early Neutral Evaluation session for July 2, 2025. (ECF No. 9).

Undersigned counsel conducted a discovery conference pursuant to Fed. R. Civ. P. 26(f) on May 14, 2025.

II.   **Fed. R. Civ. P. 26(f) Meeting**

On May 14, 2025, Marian Massey, counsel for Plaintiff, and Courtney K. Lee, counsel for Defendant, participated in the Fed. R. Civ. P. 26(f) conference.

III.   **Initial Disclosures**

Pursuant to Fed. R. Civ. P. 26(f)(3)(A), the parties stipulate that there shall be no changes to the form or requirement for disclosures under Fed. R. Civ. P. 26(a). The parties have stipulated that disclosures under Fed. R. Civ. P. 26(a) shall be due on or before **May 28, 2025**, which is fourteen (14) days from May 14, 2025, the Rule 26(f) Conference with Defendant's Counsel.

IV.   **The Subjects on Which Discovery Will Be Conducted**

The parties agree that discovery will be needed on the Plaintiff's claims and causes of action, damages, as well as the Defendant's defenses to the same consistent with the Federal Rules of Civil Procedure and the Local Rules of this District. The parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case subject to the limitations imposed by Rule 26(b)(2).

V.   **Issues Related to The Disclosure or Discovery Of Electronically Stored Information**

The parties believe that this case may involve or require the inspection or production of some electronically stored information ("ESI"). To the extent a party requests ESI, the parties agree that the ESI can be produced in paper format, as a readable image (*e.g.*, .pdf, .jpg, or .tiff)

file, or via hard electronic copy (*e.g.*, CD_ROM, DVD, or Dropbox.com) while reserving the right to seek ESI thereafter if necessary and to the extent readable images are insufficient in establishing any claims or defenses. If a party later requests the ESI be produced in its native format and/or as a forensic copy, the parties agree to meet and confer to determine the parameters of the production and to produce according to the Fed. R. Civ. P. and LR 26-1(b)(9).

## VI. Issues Regarding Privilege or Protection

The parties agree to be bound by Federal Rule of Evidence 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that while each taking reasonable steps to identify and prevent the disclosure of any document (or information) that they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

## VII. Discovery Disputes

The parties agree that before moving for an order relating to discovery after complying with the Federal Rules of Civil Procedure and applicable Local Rules of this District, the moving party must request a status conference with the Court pursuant to Fed. R. Civ. P. 16(b)(3)(v).

## VIII. Alternative Dispute Resolution

The parties hereby certify that they have met and conferred about the possibility of using alternative dispute resolution processes including mediation and arbitration. The Court has scheduled the Early Neutral Evaluation for July 2, 2025. (ECF No. 9). If the matter does not

resolve at the Early Neutral Evaluation, the parties will continue to confer regarding potential alternative dispute resolution in this case.

### IX. Alternative Forms of Case Disposition

Pursuant to LR 26-1(b)(7-9), the parties hereby certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program. At this time, the parties do not consent to trial by the magistrate judge or to the use of the Court's Short Trial Program.

### X. Electronic Evidence

The parties hereby certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. Discussions between the parties will be ongoing as the trial date approaches, and the parties stipulate that they intend to present any electronic evidence in a format compatible with the court's electronic jury evidence display system.

### XI. Discovery Plan

All discovery in this case will be conducted in accordance with the Federal Rules of Civil Procedure and applicable Local Rules of this District Court. The reason for the extended discovery period is because the tissue division where Plaintiff was once employed with Defendant Clearwater Paper Corporation was sold on or about November 1, 2024, so the records may take additional time to obtain. The parties propose to the Court the following cut-off dates:

a. **Discovery Cut-off Date**: The discovery cut-off deadline shall be **Friday, November 21, 2025**, 210 days from the Date of Defendant's Answer in this case, which was filed on April 25, 2025.

b. **Amending the Pleadings and Adding Parties**: The deadline to amend pleadings or add parties shall be **Monday, August 25, 2025**[2], ninety (90) days prior to the discovery cut-off date.

---

[2] Pursuant to Fed. R. Civ. P. 6(a)(1)(C), if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Here, the amendment deadline would be Saturday, August 23, 2025, therefore, pursuant to Fed. R. Civ. P. 6(a)(1)(C), the amendment deadline is Monday, August 25, 2025.

    **c.**    **Expert Disclosures**: The expert disclosure deadline shall be **Monday, September 22, 2025**, sixty (60) days prior to the discovery cut-off date. Rebuttal expert disclosures shall be made by **Wednesday, October 22, 2025**, thirty (30) days after the initial disclosure of experts.

    **d.**    **Dispositive Motions**: Dispositive motions shall be filed by **Monday, December 22, 2025**[3], which is thirty (30) days after the discovery cut-off date.

    **e.**    **Pretrial Order**: The Pretrial Order shall be filed not later than **Wednesday, January 21, 2026**, thirty (30) days after the deadline for filing dispositive motions date. In the event dispositive motions have been filed, the Pretrial Order shall be suspended until thirty (30) days after a decision of the dispositive motions or further order of the Court.

    **f.**    **Fed. R. Civ. P. 26(a)(3) Disclosures**: The pretrial disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the final pretrial order in accordance with LR 26-1(b)(6).

///

///

///

---

[3] Pursuant to Fed. R. Civ. P. 6(a)(1)(C), if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Here, the dispositive motion deadline would be Sunday, December 21, 2025, therefore, pursuant to Fed. R. Civ. P. 6(a)(1)(C), the dispositive motion deadline is Monday, December 22, 2025.

**XII. Extensions or Modifications of the Discovery Plan and Scheduling Order**

In accordance with LR 26-4, any motion or stipulation to extend a deadline set forth in this discovery plan and scheduling order shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. A request made within 21 days of the subject deadline will be supported by a showing of good cause. Any stipulation or motion will comply fully with LR 26-4.

DATED this 21st day of May, 2025.

GREENBERG GROSS LLP

/s/ *Marian Massey*
Jemma E. Dunn
Nevada Bar No. 16229
Matthew T. Hale
Nevada Bar No. 16880
Marian Massey
Nevada Bar No. 14579
Michael A. Burnette
Nevada Bar No. 16210
1980 Festival Plaza Drive
Suite 730
Las Vegas, NV 89135

*Attorneys for Plaintiff*

DATED this 21st day of May, 2025.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ *Courtney K. Lee*
Suzanne L. Martin
Nevada Bar No. 8833
Courtney Lee
Nevada Bar No. 8154
10801 W. Charleston Blvd.
Suite 500
Las Vegas, NV 89135
Telephone: 702.369.6800
Fax: 702.369.6888

*Attorneys for Defendant Clearwater Paper Corporation*

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: May 21, 2025